The next case on the call is agenda number 4, number 128413, People of the State of Illinois v. James Agee. Counselor Appellant, you may proceed. Hello. I'm Sean Collins-Stapleton with the Office of the State Appellant Defender for Mr. Agee. May I please the Court, Counsel? The parties agree that the Appellate Court erred by ruling that the Post-Conviction Hearing Act and Rule 631c do not require Post-Conviction Counsel to provide reasonable assistance when counsel adds a new claim to a petition. The parties disagree about whether counsel provide reasonable assistance in this particular case. As for the first issue, the Appellate Court's summary order conflicts with this Court's post-conviction jurisprudence. In many cases, this Court has held that post-conviction counsel's performance is critical to the functioning of the Post-Conviction Hearing Act. And that is because if post-conviction counsel's performance is not reasonable, meritorious claims can be lost. And thus, review of counsel's performance is essential. The Appellate Court's order also conflicts with Appellate Court decisions concluding that counsel's performance must be reasonable when counsel adds a new claim, specifically Milan and Nolan. And if this Court doesn't have any other questions about that claim, I will move on to the next. Applying the reasonable assistance standard to counsel's performance in this case, it's clear that counsel provided unreasonable assistance by failing to provide evidence of every element of the claim that was presented by counsel in this petition, that counsel added to this petition. Counsel alleged that trial counsel was ineffective for failing to advise Mr. Gee about the defense of second-degree murder. Now, since this was a guilty plea, counsel, in order to show prejudice, was required to show that Gee had a plausible defense. In other words, there was some provocation. There was no provocation at all pled in the petition. And therefore, this claim was meritless without that, without that pleading. There was no prejudice pled in this claim. Was there evidence of provocation in this case? What allegations should have been made? Well, provocation of some sort should have been made. I mean, counsel added this issue to the petition. Counsel had some belief that there was merit to this claim, but then counsel did not provide any evidence to support it. Again, any evidence of provocation. Though at the hearing on the State's motion to dismiss, counsel stated that there might be some other evidence out there that might support this claim, and the court could hear that perhaps at an evidentiary hearing. But that was not enough. Counsel had to put that evidence in the petition, plead it in the petition in order to get to the evidentiary hearing. So under your theory, if counsel didn't have the affidavit, let's say, to explain this new evidence, he shouldn't have amended it at all. The fact that he amended is where the problem comes in. Is that right? Well, he added this claim. Right. He's going to add the claim. But you're saying unless he actually had the evidence and attached it to the petition, the amended petition, he should not have added this claim at all. Well, probably not. But we don't really know if he had the evidence or not, because we just don't. It's not clear from this record. I mean, again, he said he didn't plead it in the petition, but then he says something about having some evidence at the motion to dismiss hearing. So we just don't. It's unknown at this stage if counsel had that evidence or not, which is why remand for further post-commission proceedings as new counsel is required. Any other questions? Thank you. Thank you very much. Counsel? May it please the Court. Counsel, I'm Assistant Attorney General Erin O'Connell on behalf of the people. It's accurate that there's no dispute that a duty of reasonable assistance attached here, but there is some dispute as to exactly what transpired. There actually was no new claim. In this case, there was a pro se petition, which included what could be construed as very vague allegations of petitioner beliefs. He had a mental state that was inconsistent with first-degree murder. PC counsel was appointed. PC counsel amended the petition. He read that as a Strickland claim, and he amended the petition to raise the elements of a Strickland claim that counsel performed efficiently and prejudiced him because he actually had a defense of second-degree murder. So the duty of reasonable assistance did attach here to an allegation that was in the pro se petition that was one of petitioner's claims from the very beginning. And PC counsel fulfilled his role in this case, which is to take the allegations of an unschooled pro se petitioner, shape them into the correct legal form, and then present those allegations to the court. It's up to the court at that point to decide whether those allegations are actually meritorious, whether he's met his burden of making a substantial showing. Petitioner, I think, is making an argument that essentially if PC counsel raises a claim that's meritless and that doesn't meet the second-stage burden, PC counsel was necessarily unreasonable. But that's not the goal of the act. The goal of the act is for PC counsel to come in, listen to his client, see what claims he wants to raise, and then shape those in the correct legal form, and then it's up to the circuit court at that point to determine whether there's merit to those allegations. So here counsel did perform his role under the Act. He shaped the allegations into the legal form, and it's just the case that the evidence here does not support a second-degree murder defense. There is no evidence that the victim was in any way at fault or was that this was a mutual combat. The evidence was instead that this was a situation where defendant had been stalking the victim and had sort of broken into her house, and then he instigated a conflict that resulted in her death. So just based on what the facts ultimately were, he could not meet a second-stage burden, but PC counsel did fulfill the role set forth in the Act to shape the allegations into the best form that they could be. And then the Court simply ---- Ginsburg. Did counsel, did he or she present anything, you know, in support of those allegations about, you know, any of the facts, and that a or did he just shape it into the argument and not point to the record or anything that would support it? So the petition itself included illegal allegations, but there were extensive attachments to the petition. So the primary evidence here is the statement of the petitioner, and I understand him to be arguing that that statement in some way supports a second-degree murder defense. But, in fact, it just demonstrates that he did have no adequate provocation to, at that point, you know, even if the victim had at some point tried to strike him, she was smaller, and that was not an adequate provocation for him to then knock her down and, you know, choke her for several minutes. So it's simply the case that the evidence was there, and the evidence doesn't support the legal defense of second-degree murder. So this Court should find that even though the duty of reasonable assistance is attached, contrary to the appellate court's ruling, that duty was satisfied here, and so the Court should, therefore, affirm the appellate court's judgment on that basis. Thank you. Kagan. Counsel, may I ask you this question? So there's a 651C certificate file, correct? Correct. It says that counsel investigated and interviewed this client and everything else. In your view, what you say what happened here was unreasonable assistance. What should counsel have done? Counsel should have pled provocation. But what if he had no evidence of that? After his investigation, after the discussion with the client, what if there was no evidence to support that? Well, that then he might have just, as counsel said, raised a weak claim that gets dismissed. I'm sorry, what? You said what? He could have raised a weak claim, as counsel suggested, that gets dismissed. Raised a weak claim? A claim without an element, you know. And if you're causing that there was no evidence at all in the world that would support the claim, right, he could have done that, I suppose. But we simply don't know if there was no evidence in the world that could support the claim. I think that's what we're struggling with. Counsel's trying to represent his client well. Does an investigation, doesn't come up with any new evidence. The original petition says raises somehow this issue vaguely. His obligation as a lawyer is to maybe reframe in a more lawyerly way that claim. What is he supposed to do if there are, after investigation, there is no evidence to support that? Should he not amend the original pro se PC? Should he withdraw? Or should he do? He could do either, I think, if there's no evidence to support the claim. But, again, in this case, the problem is. Let me just answer my question. What should he have done in this case? Well, in this case, I think. You know what? He cannot find any evidence to support. Should he leave the pro se petition unamended? Should he withdraw? I think that would have been counsel's decision to go one way or the other. If there was no evidence. What would be reasonable? I think if there was no evidence at all, then either one would be reasonable. But in this case, again, I think there is a question about whether or not there was evidence to support provocation. Does the 651C affidavit answer that question for us? Aren't we supposed to presume that counsel apparently did investigate, and there was no evidence to support it? Well, again, it's rebutted by, one, to raise this claim, but there was no provocation pled that would support the prejudice element. And, two, again, at the hearing on the motion, the state's motion to dismiss, counsel alluded to there might be some other evidence out there. And so it's not clear if counsel didn't understand that he had to plead a plausible defense or if he thought that pleading a conclusory claim was enough to get to an evidentiary hearing. But a conclusory claim such as was pled here, that Mr. Agee simply would not have pled guilty had he known about a secondary murder defense, is not enough to get to an evidentiary hearing. Counsel had to plead provocation. And, again, there is some evidence, as shown by what counsel said at the hearing, that there was, that was not in the petition. Could it have been that counsel did not believe that there was any evidence that would demonstrate that he was acting under a sudden and intense passion resulting from serious provocation? Was there evidence to support that? Well, I think counsel, again, alludes that there could have been some evidence that's, that wasn't presented. There's other evidence. That's what counsel says, other evidence that might support the claim. But what counsel pled, which you just said, which was pled in the petition, is a conclusory claim. I mean, that's the bones of the claim, so to speak. But the substantiation of the claim is facts, facts of a plausible defense. And in this case, that means provocation. And there was absolutely no provocation pled in the petition. Have you abutted the presumption of reasonable assistance? Yes, because he didn't. For 651? How? Because he didn't plead any facts to support the prejudice element. There was no provocation in the petition. And that's, again, he had to show there was a plausible defense. Not a successful defense, but a plausible defense with some provocation. That's what he had to show, or counsel had to show. And counsel, again, alleged no facts in the petition about provocation, showing that there was provocation. So he failed to plead facts to support his defense. Yes, an element of the prejudice requirement here in this case. Any questions? I'm going to ask the Court to remand for further proceedings and an appointment with counsel. Thank you. Thank you very much. We will, this case, agenda number 4, number 128, 413, people in favor, aye, versus nay. Agee will be second under.